UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ
    Plaintiff,

v.                                                                    Case No.: 6:23-cv-0884

AUTUMN'S CRAB INC
YOU HANG LIU, individually,
AUTUMN'S CRAB VERO BEACH LLC
XIAO XIANG LIU, individually,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, AUTUMN'S CRAB INC, ("Rockledge") YOU HANG LIU, ("YOU") (Together, the "Rockledge Defendants"), AUTUMN'S CRAB VERO BEACH LLC ("Vero Beach"), and XIAO XIANG LIU ("XIAO") (Together, the "Vero Beach Defendants") ("Collectively, Defendants") and states as follows:

### I.  INTRODUCTION

1. This is an action by the Plaintiff against his former employers for FLSA Retaliation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

**Parties, Jurisdiction, and Venue**

2. Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida

*Rockledge Defendants*

3. Defendant, AUTUMN'S CRAB INC, is a Florida Corporation, registered and conducting business in Brevard County, Florida.

4. Upon information and belief, Defendant, YOU HANG LIU is a resident of Brevard County, Florida.

5. At all times relevant to this action, YOU was the owner/operator of Rockledge and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of YOU is/was an employer as defined by 29 U.S.C. §201, et seq.

*Vero Beach Defendants*

6. Defendant, AUTUMN'S CRAB VERO BEACH LLC, is a Florida Corporation, registered and conducting business in Indian River County, Florida.

7. Vero Beach holds a permanent food service license, (#SEA4105422) which lists a "main address" in Rockledge, Brevard County, Florida.

8. Upon information and belief, Defendant, XIAO XIANG LIU is a resident of Brevard County, Florida.

9. At all times relevant to this action, XIAO was the owner/operator of Vero Beach and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees of and (c) control the finances and operations of the enterprise. By virtue of having regularly exercised that authority on behalf of Vero Beach, XIAO is/was an employer as defined by 29 U.S.C. §201, et seq.

10. Upon information and belief, You and Xiao have a familial relationship.

11. The Defendants' restaurants share common marketing and menus.

12. Venue is proper within the Middle District of Florida because at least one Defendant resides in the district.

13. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

14. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay said firm a reasonable fee for its services.

## II.   GENERAL ALLEGATIONS

*2019 FLSA Lawsuit*

15. Plaintiff previously worked as an hourly employee at the Rockledge Defendants' restaurant, "Autumn's Crab."

16.     During this timeframe, the Rockledge Defendants were Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

17.     On April 5, 2019, Plaintiff filed a lawsuit against the Rockledge Defendants in the County Court in and for Brevard County[1] which alleged the Rockledge Defendants violated the FLSA's overtime provisions. ("2019 FLSA Lawsuit")

18.     In June 2019, the parties entered into a settlement agreement to resolve the 2019 FLSA Lawsuit. The Agreement was executed by Plaintiff and the Rockledge Defendants.

***Vero Beach***

19.     The Vero Beach Defendants operate a restaurant, "Autumn's Crab Vero Beach."

20.     On or about May 5, 2023, Plaintiff was hired to work as an hourly employee at the Vero Beach Defendants' restaurant earning $11.00 per hour.

21.     At all times material hereto, Plaintiff, was the employee of the Vero Beach Defendants as the term "employee" is defined by 29 U.S.C. § 203(e).

22.     The Vero Beach Defendants were Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

---

[1] Case No. 05-2019-CC-023286

23. Plaintiff worked for the Vero Beach Defendants on May 5th, May 6th, and May 9th.

24. On or about May 9, 2023, YOU came to the Vero Beach Restaurant and recognized Plaintiff from his prior employment in Rockledge and the 2019 FLSA Lawsuit.

25. YOU became enraged that Plaintiff worked for the Vero Beach Defendants' restaurant and began to scream vulgarities at Plaintiff.

26. YOU told Plaintiff to leave the Vero Beach Restaurant and fired him. YOU told Plaintiff that he was fired because he sued the Rockledge Defendants, referencing Plaintiff's 2019 FLSA Lawsuit.

27. The Vero Beach Defendants authorized, approved, ratified, or otherwise consented to YOU's termination of Plaintiff's employment with the Vero Beach Defendants.

28. At all times material hereto, Defendants were joint employers of the Plaintiffs.

29. At all times material hereto, Defendants were single integrated enterprise.

### COUNT I – RETALIATORY DISCHARGE

30. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 29.

31. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

32. At all times material hereto, Plaintiff, was the employee of the Vero Beach Defendants and a former employee of the Rockledge Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

33. By filing the 2019 FLSA Lawsuit, Plaintiff engaged in protected activity under the FLSA.

34. On May 9, 2023, Plaintiff suffered an adverse employment action when he was terminated from his employment with the Vero Beach Defendants.

35. But for the 2019 FLSA Lawsuit, Plaintiff would not have been terminated on May 9, 2023.

36. Indeed, Plaintiff was told, expressly, that he was fired because he filed the 2019 FLSA lawsuit.

37. Pursuant to 29 U.S.C. §215(a)(3), it is unlawful for *any person* to discharge or otherwise discriminate against any employee, because such employee has filed a Fair Labor Standards Act unpaid wage claim.

38. Defendants' conduct and termination is considered an adverse employment action pursuant to the FLSA.

39. Plaintiff has suffered and continues to suffer mental anguish and emotional distress, severe damage to his financial welfare, and his employment prospects,

severe damage to his reputation in the community in which he lives and works, and among his peers by reason of Defendants violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

A. An award of back pay, front pay, and liquidated damages.
B. Compensatory damages including mental anguish;
C. All other legal or equitable relief as may be appropriate to effectuate the purposes of the act and all other damages to which Plaintiff may be entitled; and
D. An award of reasonable attorney's fees and all costs incurred herein;

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 12th day of May 2023.

>ARCADIER, BIGGIE & WOOD, PLLC.
>
>*/s/ Joseph C. Wood, Esquire*
>Joseph C. Wood, Esquire
>LEAD COUNSEL
>Florida Bar No.: 0093839
>Maurice Arcadier, Esquire
>Florida Bar No. 0131180
>2815 W. New Haven, Suite 304
>Melbourne, Florida 32904
>Primary Email: office@ABWlegal.com
>Secondary Email: wood@ABWlegal.com
>Phone: (321) 953-5998
>Fax: (321) 953-6075