**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JUAN PEREZ,

    PLAINTIFF,

v.                                             Case No. 6:23-CV-884-GAP-LHP

AUTUMN'S CRAB INC.,
AUTUMN'S CRAB VERO BEACH LLC, AND
XIAO XIANG LIU,

    Defendants.
_____/

**JOINT FINAL PRETRIAL STATEMENT**

Pursuant to the Court's Case Management and Scheduling Order (DE 17) and Local Rule 3.06(b), Plaintiff, Juan Perez, ("Perez" or "Plaintiff'), by and through his undersigned counsel, and Defendants, Autumn's Crab Inc, (hereinafter referred to as "the Rockledge restaurant"), Autumn's Crab Vero Beach LLC (hereinafter referred to as "the Vero Beach restaurant"), and Xiao Xiang Liu, individually, ("Xiao"), (the Rockledge restaurant, the Vero Beach restaurant and Xiao may hereinafter be collectively referred to as "Defendants")[1], by and through their undersigned counsel, hereby jointly file this Joint Final Pretrial Statement, and state as follows.

---

[1] You Hang Liu has been voluntarily dismissed as an individually named Defendant by the Plaintiff.

1. **The Basis for the Court's Jurisdiction.**

This Court has jurisdiction over the parties and the Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

2. **A Concise Statement of The Action.**[2]

This is an action by the Plaintiff against his former employer, the Vero Beach restaurant, and another former employer, the Rockledge restaurant, and the individually named Defendant. Xiao, for retaliation under the FLSA. The Defendants deny the Plaintiff's retaliation claim under the FLSA.

Mr. Perez worked for the Vero Beach restaurant as a busboy/dishwasher for three (3) days until May 9, 2023. It is a disputed issue in this case whether Mr. Perez was terminated or whether he voluntarily resigned from his position with the restaurant on May 9, 2023. He earned $11.00 per hour during his employment. Plaintiff is seeking the wages that he alleges that he lost following his departure from the Vero Beach restaurant. Plaintiff is also seeking to be awarded an equal amount as his lost wages in liquidated damages.

---

[2] The parties reserve the right to further modify the concise statement of the facts if said statement is to be read to the Jury.

3.     **A Concise Statement of Each Party's Position.**

**PLAINTIFF'S POSITION**[3]**:**

In May 2023, Plaintiff started working at Autumn's Crab Vero Beach LLC's the Vero Beach restaurant in Vero Beach, Florida. At the time Plaintiff was hired by the Vero Beach restaurant, Plaintiff did not know that the company was related to the Rockledge restaurant , whom Plaintiff had sued in 2019.

After a few days of working for the Vero Beach restaurant , Plaintiff encountered You Hang Liu's Father, Xiao Xiang Liu ("Xiao" ), who also happens to be one of the Vero Beach restaurant owners. At the time of the encounter, Xiao was delivering food from the Rockledge restaurant to the Vero Beach restaurant.

Xiao recognized Plaintiff from his employment at the Rockledge restaurant and he was upset concerning Plaintiff's 2019 FLSA lawsuit. Indeed, during the encounter, Xiao asked Plaintiff, aggressively and gestured aggressively "Do you know who I am?" and then yelling "get out, get out!" before going into the kitchen to speak with the Vero Beach restaurant's kitchen manager.

Plaintiff went to the front of the restaurant and explained what had transpired to a waitress, Karina Romero, and Bing Bing Xiao (aka "Tiffany") who is an employee and related to the owners. While Plaintiff was explaining what had

---

[3] Defendants do not consent (or agree to be proper) as it relates to Plaintiff's characterization, statements, and arguments concerning Plaintiff's position.

transpired , the kitchen manager came out and began talking with Tiffany in Chinese. Next, Tiffany stated "it is best for Juan Perez to leave, and he can pick up his check later." The kitchen manager, who is also an owner, affirmed. As a result, as a result of Mr. Xiao causing the Plaintiff to be terminated because of the prior FLSA lawsuit, Plaintiff's employment was terminated on May 9th, 2023.

Perez is owed monies for the wages he lost as a result of Defendants FLSA retaliation, liquidated damages, and all reasonable attorney's fees and costs.

**DEFENDANTS' POSITION:[4]**

Defendants deny that the Plaintiff was fired on May 9, 2023, from the Vero Beach restaurant because Xiao recognized the Plaintiff from when the Plaintiff formerly worked at the Rockledge restaurant in 2019 or because the Plaintiff previously sued the Rockledge restaurant for unpaid overtime wages under the FLSA.

Instead, Defendants assert that the Plaintiff voluntarily resigned from his job with the Vero Beach restaurant on May 9, 2023, when he recognized Xiao while Xiao was delivering crab legs to the Vero Beach restaurant and because the Plaintiff felt that Xiao was going to make him look bad because of a prior conflict.

On May 9, 2023, when the Plaintiff voluntarily resigned from his

---

[4] Plaintiff does not consent (or agree to be proper) as it relates to Defendants' characterization, statements, and arguments concerning Defendants' position.

busboy/dishwasher job at the Vero Beach restaurant, the Plaintiff spoke with a server in the front of the restaurant, Karina Romero ("Ms. Romero"), and he told Ms. Romero that he was quitting his job because of the prior problems that he had with Xiao who he had just recognized at the Vero Beach restaurant. Ms. Romero has provided two (2) handwritten statements in which she stated in her own words what the Plaintiff told to her on May 9, 2023, when he quit his job with the Vero Beach restaurant.

In addition to Ms. Romero's handwritten statements, there is a video which is approximately ten (10) minutes long of the Plaintiff in the front of the Vero Beach restaurant on May 9, 2023, just walking around after Xiao had allegedly aggressively confronted the Plaintiff and told him to get out of the restaurant. If Xiao had aggressively confronted the Plaintiff and told him to get out of the Vero Beach restaurant on May 9, 2023, as the Plaintiff alleges, then it is illogical that the Plaintiff would have stayed at the restaurant and walked around in the front of the restaurant as is shown in the video for approximately ten (10) minutes after Xiao had allegedly confronted him and told him to get out of the restaurant.

Furthermore, even if Xiao told the Plaintiff to get out of the Vero Beach restaurant on May 9, 2023, which Xiao denies, the Plaintiff still has to prove that he was terminated by Xiao and that Xiao terminated him in retaliation for the Plaintiff's FLSA lawsuit against the Rockledge restaurant in 2019 which

Defendants deny as well.

Lastly, the Defendants deny the Plaintiff's claim for six (6) months of lost wages on grounds that it took the Plaintiff approximately six (6) months following his departure from the Vero Beach restaurant to find another job as a busboy/dishwasher in a restaurant.

The fact of the matter is that the Plaintiff is a frequent filer of FLSA lawsuits against restaurants that he has worked at and the Plaintiff's counsel in this action has represented the Plaintiff in those other legal actions all of which have settled. In this instant action, the Defendants are standing up to the Plaintiff rather than settling with the Plaintiff and they are making him prove his FLSA retaliation claim and his alleged damages which the Defendants deny.

**4.** **A List of Each Exhibit With a Notation of Each Objection**.

See Plaintiff's Exhibit Lists (A and B Lists) attached as Exhibit 1. Defendants' objections to one of Plaintiff's exhibits on Plaintiff's A List is noted on that Exhibit List.

See Defendants' Exhibit List A attached as Exhibit 2. Defendants do not have a B List of Exhibits. Plaintiff's objections to certain of Defendants' exhibits are noted on the Defendants' Exhibit List A.

**5.** **A List of Each Witness by Name Only With a Notation of:**

    **(A) the likelihood the witness will testify; and,**

**(B) each objection to the witness's testifying.**

*Plaintiff's Witnesses*:

See Plaintiff's A list (will call witnesses) and B list (may call witnesses) attached as Exhibit 3.  Defendants do not have any objections to any of Plaintiff's witnesses.

*Defendants' Witnesses*

See Defendants' A list (will call witnesses) and B list (may call witnesses) attached as Exhibit 4.  Plaintiff does not have any objections to any of Defendants' witnesses.

**6.     A List of Each Expert Witness With a Notation of:**

**(A) the substance of the testimony; and,**

**(B) each objection to the witness's testifying.**

The parties do not intend to call any any expert witnesses at trial.

**7.     A Breakdown of the Type and the Amount of Monetary Damages.**

FLSA RETALIATION

Mr. Perez worked for the Vero Beach restaurant  for three days until he left the restaurant on May 9, 2023.  It is a disputed factual issue whether the Plaintiff voluntarily resigned or the Plaintiff was terminated when he left the Vero Beach restaurant on May 9, 2023.  He earned $11.00 per hour during his brief tenure at the Vero Beach restaurant.  Plaintiff states he is owed approximately 20 hours per

week for approximately six months for underemployment plus liquidated damages.

**Attorney's fees and costs**

Plaintiff will also seek reasonable attorney's fees and costs based on the Lodestar method.

**8.   A List of Each Deposition Offered in Lieu of Live Testimony, Unless the Deposition is Only for Impeachment.**

The parties do not intend to offer any deposition testimony in lieu of live witness testimony at trial.  The parties reserve the right to use deposition testimony for impeachment of any live witness's testimony at trial and/or if a witness is unavailable.

**9.   A Concise Statement of Each Admitted Fact.**

1.   Defendant, Autumn's Crab Inc. referred to as the Rockledge restaurant is a Florida Corporation, registered and conducting business in Brevard County, Florida.

2.   Defendant, Autumn's Crab Vero Beach LLC referred to as the Vero Beach restaurant is a Florida Corporation, registered and conducting business in Indian River County, Florida.

3.   The Vero Beach restaurant holds a food service license (#SEA4105422) which lists a main address in Rockledge, Brevard County, Florida.

4.	In 2019, the Plaintiff previously worked as an hourly busboy/dishwasher employee in the Rockledge restaurant for approximately thirty (30) days.

5.	In April 2019, following the Plaintiff's separation of employment from the Rockledge restaurant, the Plaintiff filed a lawsuit for unpaid overtime pay against the Rockledge restaurant and against You Hang Liu, individually, under the FLSA which the parties settled in June of 2019 for a total settlement amount of $4,500.00 on a non-admission of fault, liability or wrongdoing by the parties.

6.	The Plaintiff signed the parties' General Release pertaining to the settlement of the Plaintiff's 2019 lawsuit against the Rockledge restaurant and against You Hang Liu, individually.

7.	You Hang Liu signed the parties' General Release pertaining to the settlement of the Plaintiff's 2019 lawsuit against the Rockledge restaurant as the President of Autumn's Crab Inc. and also on behalf of himself, individually.

8.	Xiao Xiang Liu is the Father of You Hang Liu. On May 6, 2023, the Plaintiff was hired to work and he worked his first day as an hourly busboy/dishwasher employee at the Vero Beach restaurant earning $11.00 per hour.

9.	On May 9, 2023, while Xiao Xiang Liu was delivering crab legs to

the Vero Beach restaurant Xiao Xiang Liu and the Plaintiff saw each other in the back alley of the restaurant.

10. On May 9, 2023, after Xiao Xiang Liu and the Plaintiff saw each other in the back alley of the restaurant, the Plaintiff did not immediately leave the restaurant.

11. May 9, 2023, was the last day that the Plaintiff worked in the Vero Beach restaurant.

12. Following the Plaintiff's departure from the Vero Beach restaurant, it took the Plaintiff six (6) months to become employed as a busboy/dishwasher employee with another restaurant in Brevard County, Florida.

**10.** **A Concise Statement of Each Agreed Principle of Law.**

1. The Federal Rules of Civil Procedure apply.

2. The Federal Rules of Evidence apply.

3. The Plaintiff's FLSA retaliation action is against all of the remaining Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4. The FLSA prohibits any person from discharging or in any manner discriminating against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. ¶215(a)(3).

5. To state and prove a claim of FLSA retaliation, the Plaintiff must show that: (1) he engaged in an activity protected under the FLSA; (2) he subsequently suffered an adverse action by the employer; and, (3) a causal connection exists between the Plaintiff's activity and the employer's adverse action. *Wolf v. Coca-Cola Co.*, 200 F. 3d 1337, 1342-43 (11th Cir 2000) (citation, alternation and internal quotation marks omitted).

6. The Defendant, Autumn's Crab Vero Beach LLC referred to as the Vero Beach restaurant was the Plaintiff's "employer" as the term "employer" is defined under the FLSA when the Plaintiff left the Vero Beach restaurant on May 9, 2023.

7. The Plaintiff is seeking actual damages and liquidated damages and an award of attorney's fees under the lodestar method and costs which may be awarded under the FLSA if the Plaintiff is the prevailing party.

8. The Plaintiff cannot be awarded multiple amounts of the same actual damages and liquidated damages against each of the three named Defendants that the Plaintiff is suing for his FLSA retaliation claim.

9. The Defendants are seeking an award of their attorney's fees and costs if they are the prevailing party as the defense of the Plaintiff's FLSA retaliation claim.

**11.** **<u>A Concise Statement of Each Issue of Fact Without Incorporating Another Paper.</u>**

1. Whether the Plaintiff voluntarily resigned on May 9, 2023, from his former busboy/dishwasher position with the Vero Beach restaurant?

2. Whether the Plaintiff told Karina Romero on May 9, 2023, that he was voluntarily resigning from his former busboy/dishwasher position with the Vero Beach restaurant?

3. Whether the Plaintiff was discharged on May 9, 2023, by Xiao Xiang Liu from his former busboy/dishwasher position with the Vero Beach restaurant?

4. Whether the Plaintiff was discharged on May 9, 2023, by two other representatives of the Vero Beach restaurant from his former busboy/dishwasher position with the Vero Beach restaurant?

5. Whether the Plaintiff subsequently suffered an adverse action by Xiao Xiang Liu at the Vero Beach restaurant on May 9, 2023, after the Plaintiff engaged in protected activity under the FLSA at the Rockledge restaurant in 2019?

6. Whether the Plaintiff also subsequently suffered an adverse action by two other representatives of the Vero Beach restaurant on May 9, 2023, after the Plaintiff engaged in protected activity under the FLSA at the Rockledge restaurant in 2019?

7. Whether a causal connection exists between the Plaintiff's protected activity at the Rockledge restaurant in 2019 and an adverse action by Xiao Xiang Liu at the Vero Beach restaurant on May 9, 2023?

8. Whether a causal connection exists between the Plaintiff's protected activity at the Rockledge restaurant in 2019 and an adverse action by two other representatives of the Vero Beach restaurant on May 9, 2023?

**12.     A Concise Statement of Each Issue of Law Without Incorporating Another Paper.**

1. Whether the Plaintiff can bring a FLSA retaliation action against Defendant Autumn's Crab Inc. referred to as the Rockledge restaurant as the Plaintiff's "employer" as the term "employer" is defined under the FLSA?

2. Whether the Plaintiff can bring a FLSA retaliation action against Defendant Xiao Xiang Liu, individually, as the Plaintiff's "employer" as the term "employer" is defined under the FLSA?

3. Whether the Plaintiff met his duty to mitigate his actual damages for lost wages.

4. What is a reasonable award to the Plaintiff for attorney's fees and costs if the Plaintiff is the prevailing party in the pending action?

5. Whether Defendants are entitled to a recovery of their attorney's fees and costs from the Plaintiff if they are the prevailing party in the pending action. If so, what is a reasonable award to Defendants for their attorney's fees and costs?

**13.     A List of Each Pending Motion or Other Unresolved Issue.**

None.

14. **A Statement of the Usefulness of Further Settlement Discussions.**

The parties do not believe that further settlement discussions will be useful in furtherance of resolving the pending action.

15. **Jury Instructions.**

Jointly proposed jury instructions are attached hereto as Exhibit 5.

16. **Verdict Form.**

A jointly proposed jury verdict form is attached hereto as Exhibit 6.

17. **Voir Dire Questions.**

Jointly proposed voir dire questions are attached hereto as Exhibit 7.

18. **Certification by the Attorneys for the Parties.**

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

Dated: April 11, 2024

Respectfully submitted,

| ARCADIER, BIGGIE & WOOD, PLLC | FINNIGAN LAW FIRM, P.A. |
|---|---|
| */s/ Maurice Arcadie,* Esquire | */s/ John Finnigan,* Esquire |
| Maurice Arcadier, Esquire | John Finnigan, Esquire |
| Florida Bar No.:0131180 | Florida Bar No.: 0972363 |
| 2815 West New Haven Ave Ste. 304 | 1700 Maitland Ave. |
| Melbourne, FL 32904 | Maitland, FL 32751 |
| Phone: 321.953.5998 | Phone: 407.478.3700 |
| Fax: 321.953.6075 | Fax:407.478.6999 |
| Email:office@ABWlegal.com | Email:John@Finniganlaw.com |
| Lead Counsel for Plaintiff | Lead Counsel for Defendants |

And

LUO & WATERS PLLC

*/s/ Lin Luo*, Esquire
Lin Luo, Esquire
Florida Bar No.: 119277
515 North Flagler Drive
Suite P300
West Palm Beach, FL 33401
Telephone: (561) 293-8525
Facsimile: (561) 469-9108
Email: Lin.Luo@luowaters.com
Co-Counsel for the Defendants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 11th day of April 2024. Counsel of Record for all parties will receive notice of the electronic filing.

| ARCADIER, BIGGIE & WOOD, PLLC | FINNIGAN LAW FIRM, P.A. |
|---|---|
| */s/ Maurice Arcadie*, Esquire | */s/ John Finnigan*, Esquire |
| Maurice Arcadier, Esquire | John Finnigan, Esquire |
| Florida Bar No.:0131180 | Florida Bar No.: 0972363 |
| 2815 West New Haven Ave Ste. 304 | 1700 Maitland Ave. |
| Melbourne, FL 32904 | Maitland, FL 32751 |
| Phone: 321.953.5998 | Phone: 407.478.3700 |
| Fax: 321.953.6075 | Fax:407.478.6999 |
| Email:office@ABWlegal.com | Email:John@Finniganlaw.com |
| Lead Counsel for Plaintiff | Lead Counsel for Defendants |

And

LUO & WATERS PLLC

<u>*/s/ Lin Luo*, Esquire</u>
Lin Luo, Esquire
Florida Bar No.:  119277
515 North Flagler Drive
Suite P300
West Palm Beach, FL  33401
Telephone:  (561) 293-8525
Facsimile:   (561) 469-9108
Email: Lin.Luo@luowaters.com
Co-Counsel for the Defendants
